PER CURIAM.
Jack McCormack appeals from a final judgment in tort holding him personally liable for damages awarded against McCor-mack Laundry Mat, Inc. in favor of Shirley Ribbeck, individually and as personal representative of the estate of Lester Ribbeck. McCormack argues that there was insufficient evidence presented to allow the trial court to pierce the corporate veil and hold him personally liable for damages awarded against McCormack Laundry Mat, Inc. On cross appeal, Shirley Ribbeck alleges that the trial court erred by not allowing the Rib-becks to present evidence that McCormack may have concealed or transferred the corporation’s property after the date of Mrs. Rib-beck’s injuries. We determine that the cross appeal has merit and that evidence of active concealment of assets is directly related to the determination of whether to pierce the corporate veil.
*272 As to the issue on direct appeal, we are unable to determine from the trial court’s order or the record whether the trial court properly applied the test for piercing the corporate veil announced in Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). In light of our decision as to the cross appeal, we reverse and remand for the trial court to consider all the evidence as to improper conduct on the part of McCormack and to directly address this issue in its final judgment.
Shirley Ribbeck was an employee of McCormack Laundry Mat, Inc. The appellant, Jack McCormack, is the corporation president, sole director and shareholder of McCormack Laundry Mat, Inc. On August 17,1993, while in the course and scope of her employment, Shirley Ribbeck was shot in the stomach and severely injured by an armed robber. She sought damages, alleging that her employer, the laundry corporation, negligently failed to foresee the armed robbery and that it failed to provide adequate security for the workplace. Lester Ribbeck, Shirley Ribbeck’s husband, sought damages for loss of his wife’s services. The Ribbeeks also claimed that Jack McCormack was the corporation’s alter ego and should be responsible for their damages.
The trial court ordered a bifurcated trial upon motion of the defendant. The first part of the trial addressed the liability of the corporation and the amount of the plaintiffs damages; the second part addressed whether McCormack should be held personally ha-ble. The court ordered that if McCormack were held hable in phase two, then the liability and damage determinations in phase one would apply to him.
In the first part of the bifurcated proceedings, the jury rendered a verdict against the corporate defendant for a total of $225,000 on both claims.
By agreement of the parties after the jury-verdict was rendered, the jury was discharged and the second part of the bifurcated proceedings, McCormack’s personal liability, was tried before the court only. During the course of the trial, the Ribbeeks attempted to present evidence of events subsequent to Shirley Ribbeck’s injuries. The trial court ruled that ah such evidence was inadmissible. The court found in favor of the Ribbeeks, pierced the corporate veil, and held McCor-mack personally liable for the Ribbeeks’ damages.
In Walton v. Tomax Corp., 632 So.2d 178, 179 (Fla. 5th DCA 1994), the court found that in determining whether to pierce the corporate veil, the timing of the transfer of certain assets by the corporation was significant, the largest asset transferred was subsequent to or at about the time of the corporation’s obligation to plaintiff. In Dania Jai-Alai, supra, the court found that dissolution of the corporation immediately after incurring obligations was a significant factor in determining whether to pierce the corporate veil. Similarly, certain actions taking place after the potential liability arose (at the time of Mrs. Ribbeck’s injury) may be probative of possible improper conduct which would justify piercing the corporate veil. While some of the evidence may not be relevant, the trial court erred in determining that all such evidence was inadmissible. In light of this ruling, we feel that the trial court should reevaluate all the evidence and make a specific determination in its order of whether sufficient misconduct took place to justify piercing the corporate veil.
We, therefore, reverse and remand for further proceedings consistent with this opinion.
JOANOS and WOLF, JJ., and McCAULIE, Associate Judge, concur.